Filed 5/9/13  Andy's BP v. City of San Jose CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ANDY'S BP, INC., et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>CITY OF SAN JOSE,<br><br>    Defendant and Respondent;<br><br>AMIR SHIRAZI et al.,<br><br>    Real Parties in Interest and Respondents. | No. H037173<br>(Santa Clara County<br>Super. Ct. No. CV176412) |

Appellants Andy's BP, Inc. and Andy Saberi challenge the trial court's order denying them an award of attorney's fees under Code of Civil Procedure section 1021.5.[1] We find no error and affirm.

## I.  Factual and Procedural Background

Respondent Amir Shirazi owns the gas station, Moe's Stop, which is located at the corner of North 33rd Street and McKee Road in San Jose.  The project underlying the present litigation involves the expansion of Moe's Stop and consists of demolition of a

---

[1]    All further statutory references are to the Code of Civil Procedure.

house on the property, replacement of the house with three gasoline tanks, and construction of a canopy over the tanks.  Respondent City of San Jose (City) approved a negative declaration for the project and upheld the planning commission's approval of the conditional use permit for the project.  Appellants own a gas station, Gas and Shop, on another corner of the same intersection.

In July 2010, appellants filed a petition for writ of mandate against respondent City in which they sought invalidation of the City's approval of the project and the preparation of an environmental impact report (EIR).  Appellants argued that the City's approval of the project failed to comply with the California Environmental Quality Act (CEQA) because the City ignored evidence that underground gasoline tanks on the project site had leaked and that the project would have a significant impact on traffic.[2]

In March 2011, the trial court granted the petition and issued a writ ordering the City:  (1) to set aside its adoption of the negative declaration and approval of the conditional use permit for the project, and (2) to prepare an EIR.

In May 2011, appellants filed a motion for an order awarding attorney's fees under the private attorney general theory.  Appellants attached declarations by their counsel James M. Dombroski and Thomas I. Saberi in which they set forth their experience and hourly rates.  They also attached various court documents from the underlying litigation, including copies of the notice to the Attorney General that gave the Attorney General the opportunity to appear and prosecute the petition on behalf of the public and the Attorney General's acknowledgment of receipt of the petition.  In addition, appellants attached an itemization of various services rendered by Dombroski and Saberi.  Appellants sought attorney's fees of $83,120.

Shirazi filed opposition to the motion.  Relying on *Conservatorship of Whitley* (2010) 50 Cal.4th 1206 (*Whitley*), Shiraz argued that appellants failed to show:  (1) the

---

[2]     The petition listed the real parties in interest as Shirazi, individually and dba Moe's Stop, and Shirazi, as trustee for the Mohammad M. Shirazi Living Trust.

litigation had conferred a significant benefit on the general public or a large class of persons; and (2) the financial burden of the private enforcement warranted subsidizing appellants' counsel.

Shirazi's declaration was attached to the memorandum of points and authorities in opposition to the motion for attorney's fees. He stated that Andy Saberi and his son Thomas I. Saberi operate Gas and Shop through the corporation named Andy's BP, Inc. In 2008, Andy's BP, Inc., which was represented by Dombroski and Thomas I. Saberi, filed a case against real parties in interest and alleged that Moe's Stop sold gasoline below cost to injure it and/or destroy competition. Real parties in interest filed a cross-complaint and made the same allegation against Andy's BP, Inc., Andy Saberi, and Thomas I. Saberi. In April 2011, the trial court in that case issued a tentative ruling denying Andy's BP, Inc.'s motion for summary judgment. As Shirazi was leaving the courthouse, Thomas I. Saberi stated to him, "we are going to tear down your station." (Boldface & italics omitted.) At a subsequent deposition in that case, Andy Saberi told Shirazi, "you will never make any money at your station as long as I am alive." (Boldface & italics omitted.) He also told him that "he had 15 gas stations and did not need to make money at the station near Moe's Stop." According to Shirazi, he closed two pumps for the expansion, and Moe's Stop has lost and would continue to lose customers to Gas and Shop. He also stated that Gas and Shop "will gain customers for as long as the new portion of Moe's Stop cannot open for business."

The City joined in Shirazi's opposition to the motion for attorney's fees.

In reply to the opposition to the motion for attorney's fees, appellants argued: (1) their litigation had conferred a benefit on the public, and (2) there were "insufficient financial incentives to justify the litigation in economic terms." They also submitted the declarations of Thomas I. Saberi and Dombroski. Thomas I. Saberi's declaration stated that "Mr. Shirazi made the statement that he would like the trial in Andy's BP v. Shirazi to take place as soon as possible because 'he wanted to take care of us before the State of

California does' referring to a pending action in Alameda County that Mr. Shirazi has been following that my family has with the State of California. In response, I said to him that he 'needs to worry about this case and not our other litigation because your station may be torn down.'" Thomas I. Saberi also stated that he was present when his father Andy Saberi made the alleged statement during a deposition break that he believed were settlement negotiations and should be excluded. The complete statement by Andy Saberi was "you will never make any money at your station as long as I am alive with the way you are pricing and with the margins you have."

At the hearing on the motion, the trial court noted that it had reviewed the parties' briefing. Following argument, the trial court denied the motion and stated: "I agree with the opposition that what is lacking is an adequate demonstration of a significant benefit incurred. Also as it relates to the third component or third element of lacking in my opinion is the necessity as it relates to the final -- financial burden I should say. In making this ruling I have only considered admissible evidence."

Appellants filed a timely notice of appeal.

## II. Discussion

Appellants contend that the trial court improperly denied their motion for attorney's fees based on a private attorney general theory.

Section 1021.5 codified the private attorney general theory. It provides in relevant part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the

recovery, if any." (§ 1021.5.) "The burden is on the claimant to establish each prerequisite to an award of attorney fees under section 1021.5." (*Ebbetts Pass Forest Watch v. Department of Forestry & Fire Protection* (2010) 187 Cal.App.4th 376, 381 (*Ebbetts Pass*).)

"'On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law.'" (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.) "'"In reviewing the trial court's decision, we must pay '"particular attention to the trial court's stated reasons in denying or awarding fees and [see] whether it applied the proper standards of law in reaching its decision."' [Citation.]" [Citation.]'" (*Center for Biological Diversity v. County of San Bernardino* (2010) 185 Cal.App.4th 866, 892.)

Appellants contend that the trial court failed to apply the correct standard for its determination. They claim that the trial court failed to apply the presumption that they were entitled to attorney's fees, because the Attorney General declined to prosecute the petition on behalf of the public. This claim requires statutory construction and thus our review is de novo. No such presumption of entitlement to attorney's fees exists. "If the Attorney General is properly served and elects not to intervene, then a plaintiff's pursuit of a lawsuit becomes presumptively 'necessary.'" (*Schwartz v. City of Rosemead* (1984) 155 Cal.App.3d 547, 561.) However, entitlement to attorney's fees under section 1021.5 also requires the claimant to establish the public benefit and financial burden factors.

Appellants also contend "[r]espondents' oppositions to the underlying motion and the rationale advanced by the trial court related principally to the fact that [a]ppellants' subject motivation for bring the CEQA petition was personal animosity against [Shiraz]." Thus, relying on *Whitley*, *supra*, 50 Cal.4th at p. 1210, they argue that the trial court erred

because "a litigant's personal nonpecuniary motives may not be used to disqualify him from an award of attorney's fees under a private attorney general theory."

Appellants' characterization of the record is inaccurate. Shiraz also relied on *Whitley*, *supra*, 50 Cal.4th 1206, and argued that appellants failed to show both the public benefit and financial burden factors set forth in section 1021.5. The trial court agreed with Shiraz and denied the motion based on its findings that appellants had failed to satisfy its burden of establishing these statutory factors.

The decision as to whether appellants had met their burden of satisfying the statutory factors does not require statutory construction but merely application of the law to the facts. We therefore apply the abuse of discretion standard of review. "The decision whether to award attorney fees pursuant to [section 1021.5] lies within the discretion of the trial court and will not be disturbed on appeal absent a prejudicial abuse of discretion resulting in a manifest miscarriage of justice." (*Galante Vineyards v. Monterey Peninsula Water Management Dist.* (1997) 60 Cal.App.4th 1109, 1125.)

" 'Section 1021.5 was not designed as a method for rewarding litigants motivated by their own pecuniary interests who only coincidentally protect the public interest.' [Citations.]" (*Roybal v. Governing Bd. of Salinas City Elementary Schools Dist.* (2008) 159 Cal.App.4th 1143, 1151.) "In determining the financial burden on litigants, courts have quite logically focused not only on the costs of the litigation but also any offsetting financial benefits that the litigation yields or reasonably could have been expected to yield. ' "An award on the 'private attorney general' theory is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff 'out of proportion to his individual stake in the matter.' [Citation.]" ' [Citation.] 'This requirement focuses on the financial burdens and incentives involved in bringing the lawsuit.' [Citation.] [¶] . . . [¶] 'After approximating the estimated value of the case at the time the vital litigation decisions were being made, the court must then turn to the costs of the litigation—the

legal fees, deposition costs, expert witness fees, etc., which may have been required to bring the case to fruition. . . . [¶] The final step is to place the estimated value of the case beside the actual cost and make the value judgment whether it is desirable to offer the bounty of a court-awarded fee in order to encourage litigation of the sort involved in this case. . . . [A] bounty will be appropriate except where the expected value of the litigant's own monetary award exceeds by a substantial margin the actual litigation costs.'" (*Whitley*, *supra*, 50 Cal.4th at pp. 1215-1216.) While it is true that "[a] pecuniary interest in the outcome of the litigation is not disqualifying[,] '. . . the issue [before the trial court] is whether the financial burden placed on the party is out of proportion to its personal stake in the lawsuit.'" (*Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1352.)

Here, appellants' counsel stated that they had spent 239.2 hours on the underlying litigation and the motion for attorney's fees, and thus the total amount of fees incurred was $83,120. However, appellants have overlooked evidence of their economic stake in the litigation.[3] Appellants compete with Shiraz at the same intersection for customers seeking to purchase gasoline. Appellants clearly had a financial incentive in bring the underlying lawsuit to block or delay the expansion of Shiraz's gas station. Thus, the trial court impliedly found that appellants had failed in their burden to establish: (1) the costs of litigation were out of proportion to their individual stake, and (2) it was "'desirable to offer the bounty of a court-awarded fee in order to encourage litigation of the sort involved in this case.'" (*Whitley*, *supra*, 50 Cal.4th at p. 1216.) Accordingly, the trial court did not abuse its discretion in denying appellants' motion for attorney's fees.[4]

---

[3]     Appellants argue that "the burden should not have been placed on [them] to negate financial benefit." There is no merit to this argument. Appellants had the burden to establish the financial burden factor. (*Ebbetts Pass*, *supra*, 187 Cal.App.4th at p. 381.)

[4]     Since we have concluded appellants' failure to establish the financial burden factor made it ineligible to recover their fees, we need not address the trial court's finding that they also failed to establish the public benefit factor.

### III.  Disposition

The order denying appellants' motion for attorney's fees is affirmed.


_____
Mihara, J.


WE CONCUR:


_____
Premo, Acting P. J.


_____
Márquez, J.