Filed 11/22/24  Richardson v. Los Angeles County Sheriff's Dept. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| ANTHONY RICHARDSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant and Respondent. | B333555<br><br>(Los Angeles County Super. Ct. No. 22STCP03868) |

APPEAL from an order of the Superior Court of Los Angeles County, Gail Killefer, Judge.  Affirmed.

Victor Leung, Adrienna Wong, Jonathan Markovitz and Tiffany M. Bailey for Plaintiff and Appellant.

Hurrell Cantrall, Thomas C. Hurrell and Melinda L. Cantrall for Defendant and Respondent.

## INTRODUCTION

Respondent Los Angeles Sheriff's Department (LASD) listed appellant Anthony Richardson (Richardson) as a suspected gang member in a database shared by other law enforcement agencies. Richardson filed a petition to have his name removed, which the trial court granted. Richardson then moved for an award of attorney's fees under Code of Civil Procedure section 1021.5. The trial court denied that motion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

CalGang is a database of information on suspected gang members, shared among law enforcement agencies across the state of California. If a citizen is listed in CalGang, they may receive negative notations on housing and employment background checks, among other adverse consequences. For non-citizens, inclusion in CalGang may be a basis of deportation.

To ensure the accuracy of the database, and to protect anyone who should not be listed there, the legislature enacted Penal Code sections 186.34-186.36. Those statutes require law enforcement to notify any person they include in CalGang, and to give that person a chance to contest their inclusion. (Pen. Code, § 186.34.) The statutes also provide that if the law enforcement agency denies that challenge, the person may appeal by way of a petition in court. (Pen. Code, § 186.35.)

That is what happened here. In June 2022, LASD notified Richardson that his name had been entered into CalGang. Richardson responded with a letter contesting the designation. In July 2022, LASD denied Richardson's challenge. In October 2022, Richardson petitioned the court for an order removing him from the database.

2

Most of the subsequent trial court proceedings concerned what records the court could review. Penal Code section 186.35, subdivision (c) provides that the record for the trial court's consideration "shall be limited to the agency's statement of the basis of its designation" in its initial notice, as well as any "documentation provided to the agency by the person contesting the designation." Despite that statutory limitation, LASD attempted to submit additional evidence.

LASD pointed out that California Rules of Court, rule 3.2300(d)(1)(B) requires a petitioner to submit "[t]he law enforcement agency's written verification . . . of its decision denying the person's request . . . to remove his or her name." LASD argued that the written verification must include all the attachments the petitioner received with the denial letter, and that since the attachments must be filed, they must also be considered by the court.

The trial court disagreed, ruling that Richardson was not required to file any attachments to LASD's denial letter. It also excluded the denial letter itself from evidence based on the plain language of Penal Code section 186.35, subdivision (c). Having made those rulings, the court found there was insufficient evidence to include Richardson in the database, and ordered his removal.

After the court entered its order, Richardson filed a motion for attorney's fees pursuant to Code of Civil Procedure section 1021.5. LASD opposed the motion, arguing that Richardson could not meet any of the statutory elements. The trial court denied the motion, finding that Richardson had failed to demonstrate that he had enforced an important right affecting the public interest or that he had conferred a significant benefit on the general public or a large group of people, as required by the statute.

Richardson timely appealed.

## DISCUSSION

Code of Civil Procedure section 1021.5 provides in relevant part that "a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

"This statutory language can be divided into the following separate elements. A superior court may award attorney fees to (1) a successful party in any action (2) that has resulted in the enforcement of an important right affecting the public interest if (3) a significant benefit has been conferred on the general public or a large class of persons, (4) private enforcement is necessary because no public entity or official pursued enforcement or litigation, (5) the financial burden of private enforcement is such as to make a fee award appropriate, and (6) in the interests of justice the fees should not be paid out of the recovery." (*Robinson v. City of Chowchilla* (2011) 202 Cal.App.4th 382, 390 (*Robinson*), disagreed with on unrelated grounds in *Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 154, fn. 10.)

We review the trial court's decision for abuse of discretion. (*Robinson, supra,* 202 Cal.App.4th at p. 391.) Generally, an abuse of discretion occurs "when the lower court exceeds the bounds of reason or contravenes the uncontradicted evidence." (*County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 316 (*County of Kern*).)

4

We conclude that the trial court did not abuse its discretion when it determined Richardson's petition conferred no significant benefit on the general public or a large class of persons.[1]  Having reached that conclusion, we need not address the other arguments.

I.    *Significant Benefit*

"[T]he statute does not define with precision the nature of the 'benefit' that is contemplated."  (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 939 (*Woodland Hills*).)  It need not be monetary, and may derive "simply from the effectuation of a fundamental constitutional or statutory policy."  (*Ibid.*)  To determine the significance of the benefit and the size of the class receiving the benefit, the trial court must make a "realistic assessment" of the gains achieved in the case.  (*Id.* at p. 940.)

Here, the trial court made that assessment and concluded that the gains achieved in the case were purely personal to Richardson.  He was the only person removed from the database.  The case generated no binding precedent, nor did it cause or require a material alteration in the behavior of LASD.  It simply utilized an existing legal process to confer an authorized remedy.

---

[1]    At oral argument counsel for Richardson argued the trial court failed to consider whether Richardson's litigation conferred a benefit on "the general public" as opposed to "a large class of persons" because a heading in the trial court's order referred only to "a large group of people."  However, the trial court engaged in the complete analysis in the body of its order and found that Richardson's petition conferred no benefit on any "other persons."  That includes the general public.  (See *Cueto v. Dozier* (2015) 241 Cal.App.4th 550, 560–561 [absent contrary evidence, we presume the trial court applied the correct legal standard].)

Richardson does not argue that the trial court's assessment represents an abuse of discretion.[2] His argument instead is that the trial court's finding was simply "incorrect." Richardson contends that LASD has a practice of initially providing nothing more than a checklist of reasons that any person has been included in the database, and that the trial court's ruling on the merits of his case demonstrates that practice is invalid. He suggests that the trial court's reasoning would apply to potentially thousands of individuals. However, for the reasons already given, the trial court's decision to reject that argument is not irrational. (*County of Kern, supra,* 246 Cal.App.4th at p. 316.) Nor, for the reasons given below, does it contravene uncontradicted evidence. (*Ibid.*)

Richardson cites nothing in the record demonstrating that LASD has changed the practice to which he refers. In fact, LASD disputed that it had any such practice. Nor did the trial court's order "invalidate" LASD's actions by ruling them broadly impermissible or providing a citable precedent for future cases. It made an evidentiary ruling that only the information included with the initial notice was admissible, then determined that evidence insufficient.

This outcome should make LASD aware that if future notices resemble the one sent to Richardson, they may not provide sufficient evidence to

---

[2] In fact, he discusses the standard of review only on reply, to suggest that this court owes the trial court's ruling "only limited deference." Richardson also argues on reply that the trial court applied the wrong legal standard to the "important right" element, and that the court's fee ruling contradicted its ruling on the merits. As previously noted, we need not address these arguments because we affirm the trial court's finding that Richardson did not meet the "significant benefit" element.

6

survive court challenges.[3]  However, the outcome of every case informs the losing party that similar behavior risks a similar result.  (Cf. *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 712.)  And as LASD points out, the statute does not authorize a fee award "in every case involving a statutory violation."  (*Woodland Hills, supra,* 23 Cal.3d at p. 939.)

On this record, the trial court's finding that Richardson's petition conferred no significant benefit on a large class of persons is well within the bounds of reason.  It was not an abuse of discretion.


II.    *Case Law*

Richardson argues that *Doe v. Westmont College* (2021) 60 Cal.App.5th 753 (*Westmont*), compels a different result.  That case involved a college student who was accused of sexual assault.  (*Id.* at p. 759.)  The student was suspended, and filed a petition for writ of administrative mandate, arguing he had not received a fair hearing.  (*Ibid.*)  The trial court ruled in his favor but denied a motion for attorney's fees under Code of Civil Procedure section 1021.5.  (*Ibid.*)

The college appealed the ruling on the merits, and the Court of Appeal affirmed in a published decision,[4] finding that the college had failed to provide a fair hearing, in part because it did not follow its own policies and procedures.  (*Westmont, supra,* 60 Cal.App.5th at p. 759.)  In response, the college declined to conduct a new hearing and simply vacated the suspension.

---

[3]    This is a practical observation, not a legal conclusion.  There has been no appeal from the underlying order, and we have not been asked to evaluate its merits.

[4]    *Doe v. Westmont College* (2019) 34 Cal.App.5th 622.

(*Ibid.*)  The student then filed a new motion for attorney's fees.  (*Ibid.*)  The trial court again denied the request.  (*Id.* at pp. 759–760.)

This time the Court of Appeal reversed, holding that the prior published decision by itself was enough to demonstrate the broad impact of the case.  (*Westmont, supra,* 60 Cal.App.5th at pp. 758, 765.)  The panel also observed that the student had helped ensure that the college would follow its own policies and procedures, which would benefit everyone involved in the same process.  (*Id.* at p. 765.)

Here there is no prior published opinion.  Nor is it clear that this case has compelled or encouraged LASD to comply with its own policies and procedures.  While Richardson argues that this case should cause LASD to change its practices, there is neither agreement in the record that the alleged practice exists, nor evidence that any change will be forthcoming.  LASD's practices were not the focus of this action as they were in *Westmont.*

The other cases Richardson relies on are likewise unpersuasive.  *Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311 permitted members of the public to gather petition signatures at grocery stores across the state.  *Choi v. Orange County Great Park Corp.* (2009) 175 Cal.App.4th 524 involved a dispute between the board members of a large public benefit corporation (many of them elected officials) over who was entitled to review documents during the hiring of a chief executive officer.  *City of Fresno v. Press Communications, Inc.* (1994) 31 Cal.App.4th 32 invalidated a city ordinance against door-to-door distribution of paper materials.  *Slayton v. Pomona Unified School Dist.* (1984) 161 Cal.App.3d 538 ordered a school district to halt a series of listed practices.  *Rich v. City of Benicia* (1979) 98 Cal.App.3d 428 affirmed the trial court's exercise of discretion to award fees, relying on the fact that both Code

8

of Civil Procedure section 1021.5 and the underlying substantive law were newly enacted.

The situation here is closer to that in *Roybal v. Governing Bd. of Salinas City Elementary School Dist.* (2008) 159 Cal.App.4th 1143 (*Roybal*), cited by LASD. There, petitioners, three school psychologists, utilized a statutory procedure to challenge the validity of a layoff notice that affected 134 people. (*Id.* at p. 1146.) The court upheld the challenge and ordered their reinstatement. (*Ibid.*) The petitioners moved for attorney's fees, and the trial court granted the motion. (*Id.* at pp. 1146–1147.)

The Court of Appeal reversed. (*Roybal*, *supra,* 159 Cal.App.4th at p. 1148.) The panel rejected the argument that the outcome affected all 134 people who received the layoff notice, because the judgment was confined only to the three specific petitioners. (*Id.* at p. 1149.) It also rejected an argument that the action benefited all other teachers and school psychologists, because there was "no evidence" the ruling would benefit any other employees. (*Id.* at p. 1150.)

Here as there, Richardson used a statutory procedure to challenge his inclusion in CalGang. He succeeded, obtaining an order removing his name from the database. Richardson neither sought nor obtained any broader order. The practices of LASD were never a subject of this action. And there is no evidence that the proceeding has had any impact on those practices. Realistically assessed, Richardson's gains have been personal. The trial court did not abuse its discretion in finding that this action conferred no significant benefit on the general public or a large class of persons, and therefore that Richardson was not entitled to a fee award under Code of Civil Procedure section 1021.5.

**DISPOSITION**

The order of the trial court is affirmed.  Each party shall bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


SIGGINS, J.*

---

*Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.